**Pauline LESSER, Individually, and as Representative of Frank Edward Lesser, Appellant,**

v.

**ST. ELIZABETH HOSPITAL, Appellee.**

**No. 09–90–032 CV.**

Court of Appeals of Texas, Beaumont.

April 11, 1991.

Rehearing Denied April 25, 1991.

George E. Chandler, Beaumont, for appellant.

Patricia D. Chamblin, Mehaffy & Weber, Beaumont, for appellee.

Before WALKER, C.J., and BROOKSHIRE and BURGESS, JJ.

## OPINION

BURGESS, Justice.

This is a medical malpractice summary judgment case. Pauline Lesser brought suit against St. Elizabeth Hospital and three doctors alleging negligence in the treatment of her husband, Frank Lesser. Mrs. Lesser non-suited two of the doctors. The hospital and the remaining doctor filed motions for summary judgment. The trial court granted the hospital's motion and severed the actions. Mrs. Lesser appeals from the granting of the summary judgment.

Mrs. Lesser pleaded: "[T]he defendant hospital did not exercise that degree of care reasonably expected from a hospital and as a result of the failure to render reasonable and proper care, the Plaintiff, Frank Edward Lesser has totally lost all human dignity. The defendant hospital did not discharge its obligations to perform its standard of hospital care as required by the joint commission on accreditation and also as required by same or similar hospitals rendering the same or similar type of health care.... Thereafter, the Defendant Hospital failed to properly render and discharge its duties to Frank Edward Lesser as he lay in plightful condition, totally dependent on their care, and the hospital should have either called in other specialists or caused Frank Edward Lesser to have been transferred to a hospital facility that could have properly addressed and treated Frank Edward Lesser's condition."

St. Elizabeth Hospital, in support of its motion for summary judgment, filed the affidavits of two medical doctors. Both affidavits stated: "It is also my expert opinion, based upon a reasonable degree of medical probability, that no act or omission on the part of St. Elizabeth Hospital, its agents, servants or employees before, during, or after surgery caused any damage or injury to Mr. Lesser. In addition, no equipment owned or operated by St. Elizabeth Hospital caused any damage or injury to Mr. Lesser. Further, it is my expert opinion that the damages plaintiffs now com-

plain of in their most recent petition were in no way caused by any aspect of care and treatment rendered by St. Elizabeth Hospital, its agents, servants, or employees."

Appellants, in opposition to the motion for summary judgment filed two affidavits. The first was that of a registered nurse. It stated, in pertinent part: "[I]t is my opinion that those records show a breach of the proper standard of care of nursing care. The nurses, as employees of St. Elizabeth Hospital, deviated from the accepted standards of nursing care in the following respects: (details omitted) Based upon reasonable nursing practice standards, the nursing staff of St. Elizabeth Hospital that attended Mr. Lesser deviated from the accepted standards and were proximate causes of the stroke and failure to recover therefrom to the extent of his full physical potential." The second affidavit was that of a medical doctor. This affidavit detailed acts of negligence by the vascular and thoracic surgeon, but did not mention St. Elizabeth Hospital or its employees.

■■■■ A defendant is entitled to a summary judgment if the defendant disproves at least one essential element of the plaintiff's cause of action. *Poindexter v. Foster*, 772 S.W.2d 205, 208 (Tex.App.—Beaumont 1989, writ denied). If the defendant's summary judgment evidence establishes there is no genuine issue of material fact as to one essential element of a plaintiff's cause of action, then the plaintiff must present competent summary judgment evidence raising a fact issue on that element of the cause of action. *Garza v. Levin*, 769 S.W.2d 644, 645 (Tex.App.—Corpus Christi 1989, writ denied).

■■■■ The issue in this case is whether appellants presented competent summary judgment evidence concerning the element of proximate cause. More specifically, was the registered nurse in this case competent to give evidence on the proximate cause issue? We hold she was not. Appellees urge a "bright line" rule that only medical doctors are competent to give testimony about medical causation. We decline to adopt such a rule. In a medical malpractice suit, the proximate causation element "must be proven, as a general rule, by expert medical testimony." *Kieswetter v. Center Pavilion Hosp.*, 662 S.W.2d 24, 27 (Tex.App.—Houston [1st Dist.] 1983, no writ) citing *Bowles v. Bourdon*, 148 Tex. 1, 219 S.W.2d 779 (1949). Nurses can certainly qualify as medical experts. *See Johnson v. Hermann Hosp.*, 659 S.W.2d 124, 126 (Tex.Civ.App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). Therefore, a nurse or other medical professional, through specialized experience or training, might be very qualified to give testimony about medical causation. However, in this case, the nurse's affidavit does not show that she had any particular experience or training with stroke patients. Consequently, we hold it was not competent evidence to raise a fact issue on the issue of medical causation. We affirm the granting of the summary judgment.

AFFIRMED.