ARLINGTON MEMORIAL HOSPITAL
FOUNDATION, INC., d/b/a Arlington
Memorial Hospital, Appellant,

v.

Johnny W. BAIRD, Appellee.

Johnny W. Baird, Appellant,

v.

Arlington Memorial Hospital Foundation, Inc., d/b/a Arlington Memorial Hospital, Appellee.

No. 2–98–114–CV.

Court of Appeals of Texas,
Fort Worth.

April 29, 1999.

Rehearing Overruled June 17, 1999.

Cantey & Hanger, J. Frank Kinsel, Jr., Evelyn R. Leopold, and Ken C. Cunningham, Fort Worth, for Appellant Arlington Memorial Hospital.

Law Office of Sue Walker, Sue Walker, Watson & Parker and W. Bradley Parker, Fort Worth, for Appellee, Johnny W. Baird.

Panel A: DAY, RICHARDS, and BRIGHAM, JJ.

## OPINION

DAVID L. RICHARDS, Justice.

### Introduction

Arlington Memorial Hospital Foundation, Inc. d/b/a Arlington Memorial Hospital ("Arlington Memorial") appeals the jury verdict for Johnny W. Baird ("Baird") in his medical malpractice suit. We are asked to consider whether the trial court erred by prohibiting a nursing expert to testify regarding the medical causation of Baird's injuries and whether there was sufficient evidence of proximate cause to support submitting a negligence question to the jury. Because we hold the trial court did not err by limiting the nursing expert's testimony, and the trial court erred by submitting the negligence issue to the jury because there was no evidence of proximate causation, we will reverse the judgment of the trial court and render judgment for Arlington Memorial.

### Summary of Relevant Facts

On August 12, 1993, Dr. Nirmal Saran performed cataract removal surgery on Baird at Arlington Memorial. During the surgery, Baird sustained a corneal burn to his right eye. Baird sued the hospital for medical negligence on the theory that the surgeon used a previously used tip during Baird's procedure and the reuse of the tip caused his burn.

The procedure Baird underwent to remove his cataract is called phacoemulsification. Phacoemulsification involves the use of an instrument called a phaco tip, which is applied to the eye and breaks the cataract into minuscule particles that are removed by aspiration. The tip is attached to a phacoemulsification machine. It is undisputed that up until the time of Baird's surgery Arlington Memorial routinely reused phaco tips. However, it is disputed whether the tip used in Baird's surgery had actually been used previously.

The jury awarded Baird damages for Arlington Memorial's negligence and gross negligence. This appeal followed.

### Expert Testimony

In his sole cross-point, Baird argues the trial court abused its discretion by prohibiting his nursing expert, Mary Scardino, R.N., from testifying about whether, in her

opinion, the reuse of the needle caused the burn to Baird's eye.

■ We review the exclusion of proffered expert testimony under an abuse of discretion standard. *See E.I. du Pont de Nemours and Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex.1995). To determine whether a trial court abused its discretion, we must decide whether the trial court acted without reference to any guiding rules or principles; in other words, whether the act was arbitrary or unreasonable. *See Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex. 1997); *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied,* 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986).

■ Baird presented Scardino as a nursing expert. As a nursing expert, Scardino could testify about issues within her knowledge, skill, experience, and training. *See* Tex.R. Evid. 702. Baird properly questioned Scardino about the standard of reasonable nursing care in an effort to establish neglect on the part of the nurses that prepared the equipment prior to his surgery and the nurses that assisted during his surgery. However, Baird also attempted to solicit an opinion from Scardino to establish that the reuse of the tip caused Baird's burn. Because Scardino was not shown to be qualified to medically diagnose thermal burns or to be an expert on the equipment used, the trial court properly prohibited Scardino from testifying about causation of Baird's burn. *See Pace v. Sadler,* 966 S.W.2d 685, 689–90 (Tex.App.—San Antonio 1998, no pet.) (holding that nurse was not qualified to medically diagnose causation of injury); *Lesser v. St. Elizabeth Hosp.,* 807 S.W.2d 657, 659 (Tex.App.—Beaumont 1991, writ denied) (stating that nurse might be permitted to testify about proximate causation if she is shown to have specialized experience or training that qualifies her to testify about medical causation). We overrule Baird's cross-complaint.

## Insufficient Evidence

Arlington Memorial argues the trial court erred by submitting the negligence issue to the jury because there was no evidence of proximate cause. We agree.

■ In determining a "no-evidence" point, we are to consider all of the evidence in the light most favorable to the party in whose favor the judgment has been rendered, and to indulge every reasonable inference from the evidence in that party's favor. *See Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex.1998); *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). If there is more than a scintilla of such evidence to support the finding, the claim is sufficient as a matter of law, and any challenges go merely to the weight to be accorded the evidence. *See Formosa Plastics Corp.,* 960 S.W.2d at 48; *Leitch v. Hornsby,* 935 S.W.2d 114, 118 (Tex.1996).

■ A "no-evidence" point may only be sustained when the record discloses one of the following: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla of evidence; or (4) the evidence establishes conclusively the opposite of a vital fact. *See Merrell Dow Pharm.,* 953 S.W.2d at 711 (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 TEX. L. REV. 361, 362–63 (1960)). There is some evidence when the proof supplies a reasonable basis on which reasonable minds may reach different conclusions about the existence of the vital fact. *See Orozco v. Sander,* 824 S.W.2d 555, 556 (Tex.1992).

■ In a medical malpractice action, expert testimony is required to prove neg-

ligence or gross negligence unless the form or mode of treatment is a matter of common knowledge, or the matter is within the experience of a layperson. *See Hood v. Phillips,* 554 S.W.2d 160, 165–66 (Tex. 1977); *Reynolds v. Warthan,* 896 S.W.2d 823, 826 (Tex.App.—Tyler 1995, no writ). Expert testimony is required on the issues of medical negligence and causation. *See Lopez v. Carrillo,* 940 S.W.2d 232, 234 (Tex.App.—San Antonio 1997, writ denied) (citing *Hart v. Van Zandt,* 399 S.W.2d 791, 792 (Tex.1965)).

■■■■ To establish proximate cause, a plaintiff must prove: (1) cause-in-fact, i.e., that the defendant's negligence was a substantial factor in bringing about the injury and without which no harm would have occurred; and (2) foreseeability, i.e., that the defendant should have anticipated the danger that resulted from his or her negligence. *See Bradley v. Rogers,* 879 S.W.2d 947, 953 (Tex.App.—Houston [14 th Dist.] 1994, writ denied). With regard to cause-in-fact, the plaintiff must establish a causal connection between their injuries and the negligence of one or more defendants based upon "reasonable medical probability," not mere conjecture, speculation, or possibility. *See, e.g., Park Place Hosp. v. Estate of Milo,* 909 S.W.2d 508, 511 (Tex.1995); *Burroughs Wellcome Co. v. Crye,* 907 S.W.2d 497, 500 (Tex.1995); *Kramer v. Lewisville Mem. Hosp.,* 858 S.W.2d 397, 400 (Tex.1993); *Duff v. Yelin,* 751 S.W.2d 175, 176 (Tex.1988); *Bradley,* 879 S.W.2d at 953–54. The Texas Supreme Court has interpreted this requirement to mean that the ultimate standard of proof on the causation issue "is whether, by a preponderance of the evidence, the negligent act or omission is shown to be a substantial factor in bringing about the harm and without which the harm would not have occurred." *Park Place Hosp.,* 909 S.W.2d at 511; *Kramer,* 858 S.W.2d at 400.

■■■■ The requirement of establishing a causal connection between the negligence of one or more of the defendants and the plaintiff's injuries based upon a reasonable medical probability applies whether the opinion is expressed in testimony or in a medical record, as the need to avoid opinions based on speculation and conjecture is identical in both situations. *See Burroughs Wellcome Co.,* 907 S.W.2d at 500. Reasonable probability is determined by the substance and context of the opinion, and does not turn on semantics or on the use of a particular term or phrase. *See id.*

■■■ In this case, it is clear that a phacoemulsification and the instruments used in the procedure are not matters of common knowledge, or within the experience of laymen. *See Hood,* 554 S.W.2d at 165–66. Therefore, Baird was required to establish through expert testimony that there was a reasonable medical probability that Arlington Memorial's alleged negligence, reusing the tip, was a substantial factor in bringing about the harm and without which the harm would not have occurred.

Baird was required to prove causation through the testimony of a medical expert. *See Bradley,* 879 S.W.2d at 953–54. Dr. Saran, who performed Baird's surgery, testified as Baird's medical expert. The doctor testified that based on a reasonable degree of medical probability, Baird's cystoid macular edema was probably caused by or the result of a thermal burn. He also testified that "[a]nything can cause a burn" and that he did not know what actually caused the burn. The doctor did testify that surgeon error, a clog of the needle, a crimp in the line, or anything that stopped irrigation of the eye could cause a burn. However, he testified he did not make a mistake during the surgery, he knew the sleeve did not crimp, and that he was aware the machine was tested and was working properly when tested. Therefore, by process of elimination, the doctor testified "[t]hat leaves the tip" as the cause of Baird's injury.

When asked to assume the tip was reused, which was the premise for Baird's entire cause of action, the doctor testified that he could not testify for certain as to whether the reuse of the tip caused the burn. At best, his opinion on causation was only a possibility. The mere possibility that an act of negligence *might* have been the proximate cause of damages from a medical viewpoint is not sufficient to support recovery.[1] *See Tilotta v. Goodall*, 752 S.W.2d 160, 163 (Tex.App.—Houston [1 st Dist.] 1988, writ denied). "[P]roof of mere possibilities will not support the submission of an issue to the jury." *Duff*, 751 S.W.2d at 176. We hold the trial court erred by submitting the issue on negligence to the jury because Baird provided nothing more than mere possibilities and speculation as to the cause in fact of his injuries. Thus, we need not consider the foreseeability element of proximate cause. We sustain Arlington Memorial's first point.[2]

### Conclusion

When we sustain a "no-evidence" point, it is our duty to render judgment for the appellant because that is the judgment the trial court should have rendered. *See* TEX. R. APP. P. 43.3; *Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176, 176 (Tex. 1986) (quoting *National Life & Accident Ins. Co. v. Blagg*, 438 S.W.2d 905, 909 (Tex.1969)). Having sustained appellant's first point, we reverse and render judgment for appellant.

---

1. Baird argues the jury could legitimately infer causation. Baird relies heavily on *Hernandez v. Altenberg*, 904 S.W.2d 734, 739 (Tex.App.—San Antonio 1995, writ denied), to support his proposition. *Hernandez* is factually distinguishable because the alleged negligence in that case entailed leaving wire inside the patient after surgery, which implicates the evidentiary doctrine of *res ipsa loquitur* where cause in fact is not an issue. Cause in fact *was* an issue in this case. Furthermore, the lack of evidence in *Hernandez* was partially attributed to the doctors' deliberate scheme to conceal the existence of the wire and its disposal. *See id.* at 739. There are no such facts in the record before us.

2. Because our holding is dispositive, we need not consider appellant's remaining points.