**Alicia COSTELLO, Individually and on Behalf of the Estate of Delia Lozano, Appellant,**

**v.**

**CHRISTUS SANTA ROSA HEALTH CARE CORPORATION, Appellee.**

**No. 04–03–00597–CV.**

Court of Appeals of Texas, San Antonio.

June 23, 2004.

Andrew E. Toscano, Gene Toscano, Inc., San Antonio, for appellant.

Laura A. Cavaretta, Jerry A. Gibson, Plunkett & Gibson, San Antonio, for appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by: PHYLIS J. SPEEDLIN, Justice.

This case involves the adequacy of expert reports under the Texas Medical Liability and Insurance Improvement Act ("the Act"). The trial court dismissed the plaintiff's medical malpractice suit after it determined the expert reports did not satisfy the Act's requirements with respect to causation. We affirm the trial court's judgment.

### BACKGROUND

Delia Lozano ("Lozano") was admitted to the emergency department of Christus Santa Rosa Hospital ("Christus") with the chief complaint of chest pain. She was initially "triaged" by the nursing staff and then asked to return to the waiting room. Forty minutes later, while in the waiting room, she suffered a cardiac arrest and was unable to be resuscitated. Mrs. Lozano's daughter, Alicia Costello ("Costello"), sued the hospital for medical malpractice. Costello filed two expert reports under the Act. The report of Pamela Zanes, R.N. ("Nurse Zanes") sets forth the applicable standard of nursing care. The second report by Dr. Steven Schilling ("Dr. Schilling") states in relevant part:

> Patients that present to emergency departments with the chief complaint of chest pain, especially in this age group, require immediate triage to an examination room, placement on a telemetry monitor, and a "stat" EKG followed by prompt physician evaluation. . . . If this patient would have been appropriately triaged and evaluated, then in all reasonable medical probability she would have survived.

The hospital ultimately moved to dismiss the lawsuit claiming the reports did not meet the statutory requirements. After a hearing, the trial court dismissed the lawsuit with prejudice. This appeal resulted.

### ANALYSIS

In her sole issue on appeal, Costello contends that the trial court abused its discretion in determining the expert

reports did not constitute a good-faith effort to meet the requirements of the Act. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(*l*) (Vernon 2003).[2] In order to meet the requirements of the Act, an expert report "must provide enough information to fulfill two purposes: (1) it must inform the defendant of the specific conduct the plaintiff has called into question, and (2) it must provide a basis for the trial court to conclude that the claims have merit." *Bowie Memorial Hospital v. Wright*, 79 S.W.3d 48, 52 (Tex.2002) (citing the two-part test set forth in *American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 879 (Tex.2001)). We review a trial court's dismissal of a suit for failure to comply with the Act under an abuse of discretion standard. *Palacios*, 46 S.W.3d at 878.

## A. Pamela Zanes, R.N.

In its order of dismissal, the trial court found that the report of Nurse Zanes did not establish her qualifications to express an expert opinion on causation. We agree. Although it is generally true that a licensed registered nurse has more education and training on medical issues than a lay person, a nursing license does not automatically qualify the registered nurse as an expert on every medical subject. *Cf. Broders v. Heise*, 924 S.W.2d 148, 152 (Tex.1996) (a licensed medical doctor is not automatically qualified to testify as an expert on every medical question). The trial court instead must ensure that "those who purport to be experts truly have expertise concerning the actual subject about which they are offering an opinion." *Id.; see also* TEX.R. EVID. 702. Here, the relevant inquiry is whether Nurse Zanes has the necessary expertise to express an opinion about what caused Lozano's death.

In her report, Nurse Zanes establishes that she is a registered nurse licensed in the State of Texas. As such, she is governed by the Texas Nursing Practice Act, which defines the privileges and limitations of her right to practice professional nursing in this State. *See* TEX. OCC.CODE ANN. §§ 301.001–.607 (Vernon 2004). Her license specifically allows her to be compensated for such acts as observing, assessing, evaluating, and caring for a person who is ill or injured, but precludes her from "acts of medical diagnosis." TEX. OCC.CODE ANN. § 301.002(2) (definition of "professional nursing").[3] A licensed registered nurse who is expressly prohibited by law from rendering a medical diagnosis would also lack the expertise to testify on subjects that require making a medical diagnosis. *See Pace v. Sadler*, 966 S.W.2d 685, 690 (Tex.App.-San Antonio 1998, no pet.) (although qualified to render expert opinion on nursing standard of care, nurse was not qualified to medically diagnose heart condition); *Arlington Mem'l Hosp. Found., Inc. v. Baird*, 991 S.W.2d 918, 921 (Tex.App.-Forth Worth 1999, pet. denied) (nurse was not qualified to medically diagnose causation of thermal burns). To give a medical opinion on the cause of someone's death necessarily demands the ability to make a medical diagnosis. Nurse Zanes is expressly prohibited by law from

---

**2.** Repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex Gen. Laws 847, 884. *See* TEX. CIV. PRAC. & REM.CODE ANN § 74.351(1) (Vernon Supp.2004) (effective Sept. 1, 2003).

**3.** The Texas Nursing Practice Act does not define what is meant by "acts of medical diagnosis." *See* TEX. OCC.CODE ANN. § 301.002.

Taber's Cyclopedia Medical Dictionary defines "diagnosis" as the use of scientific or clinical methods to establish the cause and nature of a person's illness; it defines "medical diagnosis" as the identification of the cause of the patient's illness or discomfort. *See* TABER'S CYCLOPEDIC MEDICAL DICTIONARY (19th ed.2001).

doing that. Accordingly, the trial court properly refused to consider Nurse Zanes' affidavit on the issue of causation.

## B. Dr. Schilling

The trial court also determined that Dr. Schilling's report was conclusory on the issue of causation. Again, we agree. The Act requires that an "expert report" provide a fair summary of the manner in which the care at issue failed to meet the applicable standards of care and the causal relationship between that failure and the harm or damages claimed. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(r)(6). As is true in other types of negligence cases, causation is established by proof that the negligent act or omission was a substantial factor in bringing about the harm and without which the harm would not have occurred. *Kramer v. Lewisville Mem'l Hosp.,* 858 S.W.2d 397, 400 (Tex.1993). In reviewing the report's adequacy, our inquiry is restricted to the four corners of the report. *Palacios,* 46 S.W.3d at 878. Inferences are not permitted. *Id.*

Dr. Schilling's report states, "If this patient would have been appropriately triaged and evaluated, then in all reasonable medical probability she would have survived." Costello maintains this statement of causation "clearly links" Christus to Lozano's death, and therefore meets the causation requirement of the Act. Christus responds that the report's one statement about causation fails to explain how the hospital's purported failure to act in a more timely manner caused the patient's death.

Although the Act only requires a "fair summary" of his opinions, Dr. Schilling's mere assertion that the patient would have survived is conclusory and is not sufficient. Nowhere in Dr. Schilling's report does he explain the causal connection between Christus' claimed omissions (failure to appropriately triage and evaluate) and Lozano's death. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(r)(6); *Wright,* 79 S.W.3d at 53. Dr. Schilling offers no explanation of what medical information a more timely triage and evaluation would have revealed, nor does he state what would have been done had Christus not failed to act, what treatment would have or could have been available, that the patient was a candidate for the unknown treatment, or that the unknown treatment could have or would have been effective. Dr. Schilling's report fails to state how Christus' failure to act was a substantial factor in bringing about Lozano's death and without which her death would not have occurred. *See Kramer,* 858 S.W.2d at 400. A report is insufficient if, as in the instant case, it merely states the expert's conclusions. *Palacios,* 46 S.W.3d at 879; *see also Earle v. Ratliff,* 998 S.W.2d 882, 890 (Tex.1999).

In addition, nowhere in his report does Dr. Schilling explain the medical basis or reasoning for his conclusion that Lozano "in all reasonable medical probability" would have survived. While no particular term or phrase is required for an expert to establish causation, the converse is also true. *See Wright,* 79 S.W.3d at 53. Without more, the magic words of "reasonable medical probability" provide no evidence of causation. *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711–12 (Tex.1997).

Once the trial court determined that the two expert reports did not comply with the statutory requirements of the Act, the court had no discretion and was required to dismiss the suit against Christus with prejudice. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01(e)(3). We affirm the judgment of the trial court.