Becker v. State







COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
DOLORES ESQUIVEL and                               ) 
CARLOS ESQUIVEL,                                     )                  No. 08-04-00300-CV
)
                                    Appellants,                       )                             Appeal from
)
v.                                                                          )                  120th District Court
)
EL PASO HEALTHCARE SYSTEMS, LTD.    )                  of El Paso County, Texas
d/b/a LAS PALMAS MEDICAL CENTER        )
and DEL SOL REHABILITATION                   )                  (TC# 2003-3682)
HOSPITAL,                                                         )
)
                                    Appellees.                        )

O P I N I O N

            Dolores Esquivel and Carlos Esquivel appeal from an order dismissing with prejudice their
medical malpractice suit against El Paso Healthcare System Ltd. d/b/a Las Palmas Medical Center
(Las Palmas) and Del Sol Rehabilitation Hospital (Del Sol). We affirm. 
FACTUAL SUMMARY
            Sixty-four year old Dolores Esquivel was admitted to Las Palmas on February 13, 2003 for
treatment of uncontrollable hypertension and renal disease. She also had other medical problems,
including diabetes and cardio-circulatory difficulties, and her mobility was limited. She underwent
surgery and was transferred to Del Sol on February 25, 2003. Mrs. Esquivel developed multiple
decubitus ulcers which necessitated her transfer from Del Sol to Las Palmas on March 13, 2003, for
surgery.
            The Esquivels filed suit alleging that Mrs. Esquivel received sub-standard medical and
nursing care at Las Palmas and Del Sol, and as a result, Mrs. Esquivel suffered the decubitus ulcers
which required surgery and resulted in her complete loss of mobility. More specifically, the
pleadings allege that defendants: failed to secure a correct medical history; failed to address Mrs.
Esquivel’s medical condition; failed to develop a plan of suitable medical care; failed to provide
proper medical care; failed to provide proper supervision of Mrs. Esquivel’s condition; failed to
provide proper medical intervention to prevent the formation of bedsores; and failed to provide
proper medical care to prevent the progression and development of the bedsores. The pleadings also
alleged negligence per se based on the nurses’ alleged violation of Section 217.11 of the Professional
Nursing Standards. 
            Pursuant to the requirements of the Medical Liability and Insurance Improvement Act
(MLIIA),


 the Esquivels provided both defendants with an expert report by Mary Helen M. Castillo,
Ph.D., R.N., F.A.A.N. Based on her review of the records, Dr. Castillo concluded that no
documentation was made of skin breakdown or decubitus ulcers at the time Mrs. Esquivel was
admitted to Las Palmas. She was at risk for these conditions given her medical diagnoses and
immobility. While at Del Sol, Mrs. Esquivel regained levels of mobility before her decubitus ulcers
worsened to Stage IV. Due to the decubitus ulcers developing to Stage IV and her subsequent
surgery, Mrs. Esquivel lost her mobility. Dr. Castillo stated that she was familiar with the standard
of care for skin care and prevention of decubitus ulcers as well as documentation, observation,
assessment, and intervention required to meet that standard, and that the standard was not met in this
case. Based on her review of the records, Dr. Castillo reached the professional opinion that the
nursing staffs at Las Palmas and Del Sol failed to use proper care to assure that Mrs. Esquivel
received the basic nursing care she needed and both nursing staffs failed to observe and document
skin integrity and breakdown of tissue which contributed to skin deterioration and formation of
decubitus ulcers. 
            Las Palmas and Del Sol moved to dismiss the Esquivels’ suit because Dr. Castillo’s report
did not provide a fair summary of Dr. Castillo’s opinions regarding the applicable standard of care
and the causal relationship between the breach of this standard and her injuries. Additionally, both
motions claimed that Dr. Castillo, whose doctorate is in education, was not qualified to render a
medical diagnosis, and therefore, she was not qualified to render an expert opinion as to the cause
of Stage IV decubitus ulcers. Following a hearing, the trial court granted the motions to dismiss. 
The Esquivels filed a motion for new trial alleging, among other things, that the trial court judge had
a conflict of interest which required recusal. The motion for new trial was overruled by operation
of law.
RECUSAL
            Before addressing the merits of the court’s ruling on the dismissal motion, we will consider
the Esquivels’ fifth issue in which they argue that Judge Aguilar erred by failing to recuse himself
prior to the hearing on the motions to dismiss. We emphasize here that the Esquivels did not file a
motion to recuse. 
            On May 10, 2004, counsel for Del Sol, Will Ballew of the Scott Hulse firm, notified counsel
for the Esquivels that his firm was representing Judge Aguilar in an unrelated civil suit.


 Two days
later, the Esquivels’s attorney wrote a letter to Ballew proposing that the case be transferred to
another judge to avoid the appearance of impropriety. No action was taken on this request. 
Las Palmas filed its motion to dismiss pursuant to Article 4590i, Section 13.01 on May 19, and a
hearing was scheduled for June 3. Del Sol filed its motion to dismiss on May 26. The Esquivels did
not file a motion to recuse prior to the dismissal hearing and raised their complaint for the first time
in an unverified motion for new trial. Now, on appeal, the Esquivels argue that Judge Aguilar had
a duty to recuse himself sua sponte pursuant to Rule 18(b)(2) of the Texas Rules of Civil Procedure.
            Judges may be removed from a particular case either because they are constitutionally
disqualified,


 because they are subject to a statutory strike,


 or because they are recused under rules
promulgated by the Texas Supreme Court.


 In re Union Pacific Resources Co., 969 S.W.2d 427,
428 (Tex. 1998). The grounds and procedures for each type of removal are fundamentally different. 
Id. If a judge is constitutionally disqualified or subject to disqualification under Texas Government
Code § 74.053(d), any orders or judgment rendered by him are void. Id., Pena v. Pena, 986 S.W.2d
696, 700 (Tex.App.--Corpus Christi 1998), pet. denied per curiam, 8 S.W.3d 639 (Tex. 1999). Thus,
a constitutional disqualification may be raised at any stage of the proceedings and cannot be waived. 
Spigener v. Wallis, 80 S.W.3d 174, 180 (Tex.App.--Waco 2002, no pet.), citing Buckholts
Independent School District v. Glaser, 632 S.W.2d 146, 148 (Tex. 1982). In contrast, the existence
of grounds for recusal of a judge does not void or nullify subsequent proceedings before that judge
and can be waived if not raised by proper motion. In re Union Pacific Resources, 969 S.W.2d at
428, Pena, 986 S.W.2d at 700.
            The Esquivels do not contend that Judge Aguilar is disqualified, but instead argue that he
should have, on his own motion, recused himself because his impartiality could reasonably be
questioned by virtue of his attorney-client relationship with the Scott Hulse firm. See Tex.R.Civ.P.
18b(2)(a)(A judge shall recuse himself in any proceeding in which his impartiality might reasonably
be questioned).


 Rule 18a sets forth the procedure for recusal of judges. Tex.R.Civ.P. 18a. A
verified motion to recuse must be filed at least ten days before trial or other hearing. Tex.R.Civ.P.
18a(a). A party who fails to file a motion which complies with Rule 18a waives the right to
complain of a judge’s refusal to self-recuse. See Union Pac. Resources, 969 S.W.2d at 428;
Spigener, 80 S.W.3d at 180; Pena, 986 S.W.2d at 700. Because the Esquivels failed to file a motion
to recuse, they have waived their complaint. Issue Five is overruled.
ARTICLE 4590i
            In Issues One through Four, the Esquivels complain that the trial court erred by dismissing
their suit. Both Del Sol and Las Palmas sought dismissal on the grounds that Dr. Castillo is not
qualified to render an expert opinion on medical causation and her expert report failed to adequately
state the standard of care or how that standard was breached.
            We review a trial court’s order dismissing a claim for failure to comply with Section
13.01(d)’s expert report requirements under an abuse of discretion standard. Walker v. Gutierrez,
111 S.W.3d 56, 62 (Tex. 2003); Bowie Memorial Hospital v. Wright, 79 S.W.3d 48, 52 (Tex. 2002). 
Under this standard, we determine whether the trial court acted arbitrarily and without reference to
any guiding rules or principles when it struck the Esquivels’ expert report and dismissed their case
with prejudice. See Walker, 111 S.W.3d at 62. We may not reverse a trial court’s discretionary
ruling simply because we might have decided it differently. Id. 
            Medical malpractice plaintiffs must, within 180 days of filing their claim, provide each
defendant physician and health-care provider an expert report with the expert’s curriculum vitae or
they must voluntarily nonsuit the action. See Tex.Rev.Civ.Stat.Ann. art. 4590i, § 13.01(d); Bowie
Memorial Hospital, 79 S.W.3d at 51. The expert report must provide “a fair summary of the expert’s
opinions as of the date of the report regarding applicable standards of care, the manner in which the
care rendered by the physician or health care provider failed to meet the standards, and the causal
relationship between that failure and the injury, harm, or damages claimed.” Tex.Rev.Civ.Stat.
Ann. art. 4590i, § 13.01(r)(6); Bowie Memorial Hospital, 79 S.W.3d at 51. If a plaintiff timely files
an expert report and the defendant moves to dismiss because of the report’s inadequacy, the trial
court must grant the motion “only if it appears to the court, after hearing, that the report does not
represent a good faith effort to comply with the definition of an expert report in Subsection (r)(6) of
this section.” Bowie Memorial Hospital, 79 S.W.3d at 51-52, quoting Tex.Rev.Civ.Stat.Ann. art.
4590i, § 13.01(l).
            When considering a motion to dismiss under Section 13.01(l ), the issue for the trial court
is whether the report represents a “good-faith effort” to comply with the statutory definition of an
expert report. Bowie Memorial Hospital, 79 S.W.3d at 52; American Transitional Care Centers of
Texas, Inc. v. Palacios, 46 S.W.3d 873, 878 (Tex. 2001). To constitute a “good-faith effort,” the
report must: (1) inform the defendant of the specific conduct the plaintiff has called into question,
and (2) it must provide a basis for the trial court to conclude that the claims have merit. Bowie
Memorial Hospital, 79 S.W.3d at 52; Palacios, 46 S.W.3d at 879. 
            The trial court should look no further than the report itself, because all the information
relevant to the inquiry is contained within the four corners of the document. Bowie Memorial
Hospital, 79 S.W.3d at 52. The report need not marshal all of the plaintiff’s proof, but it must
include the expert’s opinion on each of the three elements identified by the Act: standard of care,
breach, and causal relationship. Bowie Memorial Hospital, 79 S.W.3d at 52. A report cannot merely
state the expert’s conclusions about these elements. Id. Rather, the expert must explain the basis
of her statements to link her conclusions to the facts. Id. Likewise, a report that omits any of the
statutory requirements does not constitute a good-faith effort. Palacios, 46 S.W.3d at 879.
            Several courts of appeals have recognized that to comply with Section 13.01(d) and (r)(6),
the expert report must establish, on its face, that the purported expert is qualified. See Estate of Allen
v. Polly Ryon Hospital Authority, No. 01-04-00151-CV, 2005 WL 497291 at *3 (Tex.App.--Houston
[1st Dist.] March 3, 2005, no pet. h.)(not reported); Hansen v. Starr, 123 S.W.3d 13, 20 (Tex.App.--Dallas 2003, pet. denied); Chisholm v. Maron, 63 S.W.3d 903, 907 (Tex.App.--Amarillo 2001, no
pet.); Schorp v. Baptist Memorial Health System, 5 S.W.3d 727, 732 (Tex.App.--San Antonio 1999,
no pet.). In this appeal, the relevant inquiry is whether the expert report showed Dr. Castillo was
qualified to express an expert opinion with respect to proximate cause of the injuries alleged,
namely, the decubitus ulcers, surgery, and complete loss of mobility. Regarding her qualifications,
Dr. Castillo’s report contains the following:
My name is Mary Helen M. Castillo, PhD, RN, FAAN. I hold a doctorate (PhD)
degree from New Mexico State University


 and have taught undergraduate and
graduate level nursing courses. I am a professor and the former chair of the Nursing
Department at the University of Texas at El Paso, and the former Dean, College of
Health Sciences and Human Services at the University of Texas-Pan American in
Edinburg, Texas. Currently, I am employed as Dean, College of Health and Human
Development at California State University, Northridge. 

The CV reflects that Dr. Castillo has served in various capacities at a 450-bed hospital, including
assistant administrator for nursing services, acting director, director of nursing services, director of
staff education, and nursing supervisor. 
            Dr. Castillo evaluated the medical records from Mrs. Esquivel’s hospitalizations at Las
Palmas and Del Sol. Her stated purpose in making the expert report was to evaluate the nursing care
provided to Mrs. Esquivel as it related to the development of multiple decubitus ulcers on her sacrum
and buttocks. She was familiar with the standard of care for skin care and prevention of decubitus
ulcers as well as documentation, observation, assessment, and intervention required to meet the
standard of care. Based on her review of the records, the nursing staffs at both Del Sol and Las
Palmas failed to observe and document skin integrity and breakdown of tissue and these omissions
of the standard of care resulted in multiple decubitus ulcers and further hospitalization, surgery, and
rehabilitation. Dr. Castillo also generally stated that the nursing staffs at both facilities failed to use
proper care to assure that Mrs. Esquivel received the basic nursing care she needed. 
            Non-physicians may qualify as medical experts by virtue of special experience. Johnson v.
Hermann Hospital, 659 S.W.2d 124, 126 (Tex.App.--Houston [14th Dist.] 1983, writ ref’d n.r.e.). 
As a nursing expert, Dr. Castillo could provide an expert opinion on those matters within her
experience and training. Thus, she could testify regarding the nursing standard of care and how that
standard was breached. However, a nurse is prohibited from making a medical diagnosis or
prescribing corrective or therapeutic treatment. Tex.Occ.Code Ann. § 301.002(2)(Vernon 2004)
(defining “professional nursing” to include the observation, assessment, intervention, evaluation,
rehabilitation, care and counsel, or health teachings of a person who is ill, injured, infirm, or
experiencing a change in normal health processes, but expressly providing that the term does not
include acts of medical diagnosis or prescribing therapeutic or corrective measures); see Costello v.
Christus Santa Rosa Health Care Corporation, 141 S.W.3d 245, 248 (Tex.App.--San Antonio 2004,
no pet.). Therefore, Dr. Castillo is not qualified to express an expert opinion on subjects that require
making a medical diagnosis. See Costello, 141 S.W.3d at 248 (holding that registered nurse not
qualified to express expert opinion as to cause of patient’s death); see also Arlington Memorial
Hospital Foundation, Inc. v. Baird, 991 S.W.2d 918, 921 (Tex.App.--Fort Worth 1999, pet.
denied)(nurse was not qualified to medically diagnose thermal burns, and therefore, could not testify
regarding causation); Pace v. Sadler, 966 S.W.2d 685, 690 (Tex.App.--San Antonio 1998, no
pet.)(although qualified to render expert opinion on nursing standard of care, nurse was not qualified
to medically diagnose heart condition).



            The Tyler Court of Appeals has held in In re Highland Pines Nursing Home, Ltd., No. 12-03-00221-CV, 2004 WL 100403 at *3 (Tex.App.--Tyler January 21, 2004, orig. proceeding)(not
reported) that a nurse was qualified to express an expert opinion regarding the causal link between
the breach of the standard of care by the staff at a nursing home and the development of the patient’s
decubitus ulcers. But the court went on to hold that the nurse was not qualified to express an opinion
concerning the causal link between the negligence and the cause of death. In re Highland Pines,
2004 WL 100403 at *3. Dr. Castillo’s report and CV do not establish that she has any training,
education, skill or clinical nursing experience relevant to diagnosing the causes of decubitus ulcers
or any injuries resulting from decubitus ulcers and their treatment. The Esquivels failed to show that
Dr. Castillo possesses the expertise which would qualify her to express an opinion as to the causal
link between the nurses’ alleged failure to “observe and document skin integrity and breakdown of
tissue” and the development of the decubitus ulcers or any other resulting injuries. See Costello, 141
S.W.3d at 248; Arlington Memorial Hospital, 991 S.W.2d at 921; Pace, 966 S.W.2d at 690. 
Similarly, the expert report does not establish that Dr. Castillo was qualified to render an opinion that
the nursing staffs’ alleged breach of the standard of care proximately caused Mrs. Esquivel’s
inability to walk. 
            We must ultimately conclude that Judge Aguilar did not abuse his discretion in determining
that Dr. Castillo was not qualified to render an opinion on medical causation. Issues One through
Four are overruled. Having overruled all issues presented on appeal, we affirm the dismissal with
prejudice.

August 25, 2005                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Barajas, C.J., McClure, and Chew, JJ.
(Barajas, C.J., not participating)