In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00129-CV


______________________________




HOPKINS COUNTY HOSPITAL DISTRICT D/B/A


HOPKINS COUNTY MEMORIAL HOSPITAL, Appellant


V.



LINIE RAY, Appellee




 


On Appeal from the 62nd Judicial District Court


Hopkins County, Texas


Trial Court No. CV 38237




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 While confined to bed as a patient at Hopkins County Memorial Hospital on June 2, 2007,
Linie Ray either fell from her bed or fell while rising from her bed and attempting to walk, suffering
fractures of her left hip and left wrist; she filed this action against the Hopkins County Hospital
District d/b/a Hopkins County Memorial Hospital (hereafter the Hospital) the following January,
alleging that medical malpractice was the cause of her injuries. Seeking compliance with Section
74.401 of the Texas Civil Practice and Remedies Code and within the time frame specified by it, Ray
filed a report by nurse Sharon D'Uva, which Ray represented to be the required expert report. (1) See
Tex. Civ. Prac. & Rem. Code Ann. § 74.401 (Vernon 2005). The Hospital filed a timely objection
wherein it complained that since D'Uva is not a physician, she did not meet the qualifications of an
expert on causation as required under Section 74.403 of the Texas Civil Practice and Remedies Code
for this mandatory report. See Tex. Civ. Prac. & Rem. Code Ann. § 74.403 (Vernon 2005). Citing
Rule 74.351 of the Texas Civil Practice and Remedies Code, the Hospital then filed a timely motion
to dismiss the cause for failure to comply with the requirement that a proper expert report be filed. 
See Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (Vernon Supp. 2008). After a hearing on the
motion to dismiss, during which Ray argued, "you don't have to have an expert on proximate cause
or causal relationship," the trial court summarily denied the Hospital's motion to dismiss. This
interlocutory appeal rises from the trial court's denial of the motion to dismiss.

 Since Texas law (2) mandates the dismissal of a claim such as Ray's in the absence of a
qualifying report, we hold that the trial court erred in denying the Hospital's motion to dismiss. (3) 

I. Statement of Jurisdiction 

 Pursuant to Section 51.014(a)(9) of the Texas Civil Practice and Remedies Code, our Court
is given appellate jurisdiction to review the trial court's interlocutory order. See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014(a)(9) (Vernon 2008). This section specifically permits the appeal of an
interlocutory order from a district court that "denies all or part of the relief sought by a motion"
seeking to dismiss a plaintiff's claim for failure to meet the expert report requirements. Id.; Lewis
v. Funderburk, 253 S.W.3d 204, 208 (Tex. 2008) (O'Neill, J., concurring); Longino v. Crosswhite,
183 S.W.3d 913, 915 (Tex. App.--Texarkana 2006, no pet.). 

II. Standard of Review

 A trial court's decision to deny such a motion to dismiss is reviewed for an abuse of
discretion. Bowie Mem'l Hosp. v. Wright, 79 S.W.3d 48, 52 (Tex. 2002); Am. Transitional Care
Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 875 (Tex. 2001); Longino, 183 S.W.3d at 916. 
Accordingly, in order to reverse the trial court's decision on this matter, we must first find that the
court acted arbitrarily or unreasonably without reference to guiding rules or principles. Longino, 183
S.W.3d at 916. In reviewing this matter, we may not substitute our opinion for the trial court's
judgment. Wright, 79 S.W.3d at 52. 

III. The Trial Court Erred in Denying the Motion to Dismiss

 The Texas Legislature intended for health care liability claims to be scrutinized by an expert
before their submission to a fact-finder. Murphy v. Russell, 167 S.W.3d 835, 838 (Tex. 2005). A
trial court must grant a motion to dismiss under Section 74.351 of the Texas Civil Practice and
Remedies Code if it appears that the report does not represent a good-faith effort to comply with
subsection (r)(6) or is not sufficiently specific enough "to provide a basis for the trial court to
conclude that the claims have merit." Palacios, 46 S.W.3d at 875; In re Baptist Hosps. of Se. Tex.,
No. 09-06-118-CV, 2006 WL 2506412, at *2 (Tex. App.--Beaumont Aug. 31, 2006, no pet.) (mem.
op.); Belcher v. Scott & White Clinic, No. 10-05-00324-CV, 2006 WL 2067981, at *2 (Tex.
App.--Waco July 26, 2006, no pet.) (mem. op.); see also Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(r)(6) (Vernon Supp. 2008). Subsection 74.351(r)(6) requires the report to include a fair
summary of the expert's opinion on the "standards of care, the manner in which the care rendered
by the physician or health care provider failed to meet the standards, and the causal relationship
between that failure and the injury, harm, or damages claimed." Tex. Civ. Prac. & Rem. Code
Ann. § 74.351(r)(6).

 A. A Nurse Is Not Statutorily Qualified to Provide an Expert Report on Causation
in a Health Care Liability Claim


 Since Ray's claim is a health care liability claim, she was required to file, "not later than the
120th day after the date the original petition was filed . . . one or more expert reports, with a
curriculum vitae." (4) Absent compliance with this requirement, the trial court was mandated to enter
an order dismissing Ray's claim with prejudice unless the report was found not served due to some
deficiency. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b), (c). Before a document can be
considered as an expert report, it must be rendered by a person qualified to testify as an expert on
a particular matter. Chisholm v. Maron, 63 S.W.3d 903, 907 (Tex. App.--Amarillo 2001, no pet.). 
It was Ray's burden to demonstrate that the purported expert, D'Uva, had the requisite knowledge,
skill, and experience that would qualify her as an expert witness in this case. See Broders v. Heise,
924 S.W.2d 148, 149, 151-52 (Tex. 1996). 

 Section 74.351(r)(5)(B) of the Texas Civil Practice and Remedies Code defines the term
"expert" "with respect to a person giving opinion testimony regarding whether a health care provider
departed from accepted standards of health care" as a person that meets the requirements of Section
74.402. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(r)(5)(B) (emphasis added). Section 74.402
states:

 (b) . . . a person may qualify as an expert witness on the issue of whether
the health care provider departed from accepted standards of care only if the
person . . . [practices] health care in a field of practice that involves the same type of
care or treatment as that delivered by the defendant health care provider . . . has
knowledge of accepted standards of care for health care providers . . . and . . . is
qualified on the basis of training or experience to offer an expert opinion regarding
those accepted standards of health care.


Tex. Civ. Prac. & Rem. Code Ann. § 74.402 (Vernon 2008). 

 D'Uva may have met these requirements. However, with respect to the issue of causation,
Section 74.403(a) states that a person may qualify as an expert witness on the issue of causation
between the alleged departure from standards of care and the injury, harm, or damages claimed "only
if the person is a physician and is otherwise qualified to render opinions on that causal relationship
under Texas Rules of Evidence." Tex. Civ. Prac. & Rem. Code Ann. § 74.403(a) (Vernon 2008)
(emphasis added), § 74.351(r)(5)(C). Despite this clear statutory mandate, Ray suggests a nurse is
qualified to render an expert report on causation in a health care liability case. 

 Ray relies in part on Baptist Hospitals, 2006 WL 2506412, at *1, and In re Highland Pines
Nursing Home, Ltd. v. Brabham, for the proposition that "[n]urses can certainly qualify as medical
experts." No. 12-03-00221-CV, 2004 WL 100403, at *2 (Tex. App.--Tyler Jan. 21, 2004, no pet.)
(mem. op.) (conditionally granting writ of mandamus from trial court's denial of motion to dismiss
because plaintiff did not meet burden to demonstrate purported expert was qualified to render
opinion on causation). Given the current statutory scheme recited above, the proposition holds true
only with respect to opinions on standards of care and breach of those standards. 

 Significantly, Baptist Hospitals pointed out that "[t]he law applicable to this case is former
4590i . . . repealed by Act of June 2, 2003." 2006 WL 2506412, at *1. Highland Pines also
specifically noted, "Article 4590i was repealed and recodified at Tex. Civ. Prac. & Rem. Code
Ann. § 74.351, which was effective on September 1, 2003. This underlying action in this
proceeding was filed on August 2, 2002." 2004 WL 100403, at *2 n.1. These facts are important
because unlike the current Section 74.403, the now-superseded Article 4590i did not require a
physician to testify on causation issues. See Walgreen Co. v. Hieger, 243 S.W.3d 183, 186 (Tex.
App.--Houston [14th Dist.] 2007, pet. denied). Similarly, the remainder of Ray's cases cited for this
proposition (5) were filed prior to the effective date of the current law, Section 74.351 of the Texas
Civil Practice and Remedies Code. 

 New caselaw clearly establishes that a nurse is not qualified to render an expert opinion
regarding causation. Educare Cmty. Living Corp. v. Rice, No. 05-07-00964-CV, 2008 WL 2190988,
at *3 (Tex. App.--Dallas May 28, 2008, no pet.) (reversing trial court's denial of motion to dismiss
because nurse not a physician and could not qualify as expert); San Jacinto Methodist Hosp. v. Carr,
No. 01-07-00655-CV, 2008 WL 2186473, at *4 (Tex. App.--Houston [1st Dist.] May 22, 2008, no
pet.) (mem. op.); Kelly v. Rendon, 255 S.W.3d 665, 675 (Tex. App.--Houston [14th Dist.] 2008, no
pet.) (because a nurse is not qualified, their report, "standing alone, can not meet the statutory report
requirement on medical causation"); Cuellar v. Warm Springs Rehab. Found., No. 04-06-00697-CV,
2007 WL 3355611, at *3 (Tex. App.--San Antonio Nov. 14, 2007, no pet.) (mem. op.); Talmore v.
Baptist Hosps. of Se. Tex., No. 09-06-024-CV, 2006 WL 2883124, at *4 n.4 (Tex. App.--Beaumont
Oct. 12, 2006, no pet.) (mem. op.) ("Nurse Practitioner Lindsay is disqualified by statute as an expert
witness on causation in this case. Specifically, under the circumstances of this case she could not
offer an opinion that any breach of a standard of medical care was a cause of Talmore's injuries and
death.") (citations omitted); Belcher, 2006 WL 2067981, at *2; see also Christus Health Se. Tex. v.
Hall, No. 09-07-074-CV, 2008 WL 2759785, at *4 (Tex. App.--Beaumont July 17, 2008, no pet.)
(mem. op.) (citing Esquivel v. El Paso Healthcare Sys., Ltd., 222 S.W.3d 83, 90-91 (Tex. App.--El
Paso 2005, no pet.) (for rule that nurse's report may only be considered in conjunction with
physician's medical expert report)). Thus, Ray failed to meet the critical requirement to provide an
expert report on causation issues as required by Section 74.351(r)(6). 

 B. Expert Opinion on Causation by Statutorily-Qualified Expert Was Required 

 Ray's alternative contention that this case does not require expert testimony on causation
because the underlying negligence "is one of common knowledge and . . . is readily apparent to
anyone with common sense" fails. See Cuellar, 2007 WL 3355611, at *2. Citing res ipsa loquitur
cases, Ray's briefing alternatively claims that no causation testimony was required because "causal
connection between falling and broken bones is self-evident." Ray does not properly analyze or
evaluate the causation requirement, suggesting that she must only prove that the fall caused her
broken bones. (6) 

 The rule of res ipsa loquitur allows an inference of negligence, absent direct proof, only
when injury would ordinarily not have occurred but for negligence, and the defendant's negligence
is probable. Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 604 (Tex. 2004). Res ipsa loquitur,
which means "the thing speaks for itself," is only used in the rare case where the circumstance
surrounding the accident constitutes sufficient evidence of negligence. Belcher, 2006 WL 2067981,
at *1. It is applied where the character of the accident would not ordinarily occur absent negligence
and the cause of the injury was under a defendant's management and control. Id. However,
"Generally, Texas courts recognize that res ipsa loquitur is inapplicable to medical malpractice
cases." Id. The application of the doctrine of res ipsa loquitur is specifically limited in health care
liability claims to "those cases to which it has been applied by the appellate courts of this state as of
August 29, 1977." Tex. Civ. Prac. & Rem. Code Ann. § 74.201 (Vernon 2005). The three
categories where appellate courts have typically applied the doctrine in the medical malpractice arena
include: "(1) negligence in the use of mechanical instruments, (2) operating on the wrong portion
of the body, and (3) leaving surgical instruments or sponges within the body." Belcher, 2006 WL
2067981, at *1 (citing Haddock v. Arnspiger, 793 S.W.2d 948, 951 (Tex. 1990)). 

 Ray's fall, with its resulting injuries, fits in none of these parameters. Thus, the doctrine of
res ipsa loquitur does not apply and Ray was required to file an expert report on causation. See
Belcher, 2006 WL 2067981, at *2. Because we have determined that nurse D'Uva was disqualified
by statute to render an opinion on causation, her report was tantamount to no report at all; therefore,
dismissal was mandatory. Because dismissal of the case after such a motion was required under the
statutes governing health care liability claims, the trial court had no discretion in the matter.

IV. Conclusion 

 For the foregoing reasons, we reverse the trial court's order denying the Hospital's motion to
dismiss and remand the cause to the trial court for further proceedings in accordance with this
opinion.




 Bailey C. Moseley

 Justice


Date Submitted: February 23, 2009

Date Decided: February 24, 2009


1. Ray acknowledges, by her attempt to file an expert report within the statutory time period,
that this is a health care liability claim which is governed by the statutes pertaining to that kind of
action.
2. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(2).
3. Because the issue of the qualification of the expert giving the causation report is dispositive,
we need not address the Hospital's assertions that nurse D'Uva's report was otherwise insufficient. 
4. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a).
5. Singleton v. Nw. Tex. Healthcare Sys., No. 07-03-0552-CV, 2006 WL 468747, at *1 (Tex.
App.--Amarillo Feb. 28, 2006, no pet.) (mem. op.) (suit filed October 22, 2001); Costello v.
Christus Santa Rosa Health Care Corp., 141 S.W.3d 245, 247-48 (Tex. App.--San Antonio 2004,
no pet.) (decided under Article 4590i but holding nurse's report insufficient); Lesser v. St. Elizabeth
Hosp., 807 S.W.2d 657 (Tex. App.--Beaumont 1991, writ denied). 
6. Ray's brief states the "conclusion is in keeping with common sense and our common
experience: the Hospital's assessment of Ray showed it knew falls are dangerous, a fall can cause
broken bones, bones do not break for no reason, and injury arising immediately after an event is
usually caused by the event, . . . all of which point to the obvious conclusion--Ray broke her bones
when she fell." (Citations omitted.)