# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00169-CV

**Rose Marie Zavala, Appellant**

**v.**

**Kenneth Pinkerton, D.D.S. and Donald Bandy, D.D.S., Appellees**

## FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT NO. 2000-0898, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In this appeal, we must decide whether the trial court properly dismissed a dental malpractice claim based on the claimant's failure to serve an adequate expert report in compliance with the former Medical Liability and Insurance Improvement Act ("article 4590i").[1]  In her sole issue, appellant Rose Marie Zavala argues that the trial court abused its discretion by dismissing her suit against appellees, Kenneth Pinkerton, D.D.S. and Donald Bandy, D.D.S., as her expert's report represented a good-faith effort to comply with statutory requirements.

Because the report lacked a causal link explaining how the dentists' alleged breach of the standard of care brought about Zavala's claimed injuries, we conclude that the trial court did

---

[1]  *See* Act of May 1, 1995, 74th Leg., R.S., ch. 140, § 1, sec. 13.01(*l*), 1995 Tex. Gen. Laws 985, 987, *repealed and recodified as amended by* Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, sec. 74.351(*l*), 10.09, 2003 Tex. Gen. Laws 847, 876, 884 (effective September 1, 2003) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West Supp. 2006)).  Because Zavala filed suit before September 1, 2003, article 4590i applies to her claim.

not abuse its discretion by granting the motion to dismiss. *See* art. 4590i, § 13.01(*l*). Accordingly, we affirm the trial court's order of dismissal.

## BACKGROUND

The record shows that Zavala brought this health care liability claim against Pinkerton and Bandy for injuries she claimed to have sustained as a result of the extraction of her wisdom teeth. She filed a timely report and curriculum vitae from her expert, Dr. John K. Jones, in support of her claim. *See id*. § 13.01(d)(1).

Pinkerton and Bandy filed a motion to dismiss Zavala's suit because Jones's report lacked any reference to the required element of causation. *See id*. § 13.01(r)(6). Zavala responded that an incorrect draft of the report had been submitted due to a legal assistant's error and requested a thirty-day extension to comply with section 13.01(d). Zavala supported her claim of mistake with affidavits from her attorney and the legal assistant who made the error. After a hearing, the trial court granted the requested extension,[2] and Zavala filed her expert's amended report. *See id*. § 13.01(g). The amended report's reference to causation consisted of the following sentence: "In my opinion, these departures from the standards of care are contributing causes to the harm and injuries experienced by Rose Marie Zavala."

Believing that the expert's report was still inadequate because of its cursory reference to causation, Pinkerton and Bandy filed another motion to dismiss. Zavala argued that she had

---

[2] After the February 15, 2001 hearing, there was some delay in the entry of this order. The reporter's record states that the court entered the order on November 23, 2004, during a subsequent hearing on the motion to dismiss, but the order was not included in the clerk's record.

2

complied with section 13.01(d) and alternatively, that she should receive another thirty-day extension because any inadequacy in her expert's report was not due to intentional disregard or conscious indifference but to accident or mistake. This time, the response containing Zavala's assertion of accident or mistake was not supported with an affidavit or any facts.

When the court heard the dentists' motion to dismiss on November 23, 2004, Zavala produced a third report from Jones. His report elaborated on the standard of care and Zavala's injuries. It also stated that departures from the standard of care were "contributing causes" of Zavala's injuries, but it did not offer any explanation about how any breach of the standard of care caused Zavala's injuries. After the trial court accepted Jones's third report, Pinkerton and Bandy filed an amended motion to dismiss, and the parties provided the court with additional briefing.

The trial court granted Pinkerton and Bandy's motion to dismiss Zavala's claim for failure to file an adequate expert report. *See id.* § 13.01(*l*). Zavala filed a timely motion for new trial that was overruled by operation of law. This appeal followed.

## DISCUSSION

### Standard of review

We review a trial court's decision to dismiss a claim for failure to comply with section 13.01(d)'s expert-report requirements under an abuse of discretion standard. *Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 58, 52 (Tex. 2002). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Id.* When reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its

3

own judgment for that of the trial court. *Id.* Our analysis of the adequacy of the expert's report under section 13.01(*l*) is limited to the four corners of the report. *See Jernigan v. Langley*, 195 S.W.3d 91, 93 (Tex. 2006).

**Adequacy of expert's report**

Section 13.01(d)(1) requires that, within 180 days after filing a health care liability claim, a claimant must furnish counsel for each defendant physician and health care provider with an expert report. *Id*. at 93 (citing art. 4590i § 13.01(d)(1)). Although the expert's report need not marshal "every bit" of the claimant's evidence, it must provide a fair summary of the expert's opinions concerning the applicable standard of care, the manner in which the care rendered by the physician or health care provider failed to meet the standard, and the causal relationship between that failure and the injury, harm, or damages claimed. *Id.* (citing art. 4590i, § 13.01(r)(6)).

If a claimant timely files an expert report, and a defendant moves to dismiss the claim because of the report's inadequacy, the trial court must grant the motion "*only if* it appears to the court, after hearing, that the report does not represent a *good faith effort* to comply with the definition of an expert report in Subsection (r)(6) of this section [13.01]." *Wright*, 79 S.W.3d at 51 (citing art. 4590i §13.01(*l*)).

Here, the parties do not dispute that the standard of care and the alleged breaches of the standard of care are summarized fairly in Jones's third report. It states that Pinkerton and Bandy should have:

(1) advised of the risks regarding temporomandibular disorders after surgery;

4

(2) diagnosed and treated or referred for treatment of facial pain, trismus, and possible temporomandibular disorder after surgery;

(3) halted procedure at patient's request after the first of two planned extractions; and

(4) provided mandibular support during procedure.

By failing to take the above actions, Jones's report opines that Pinkerton and Bandy breached the standard of care.

The parties' dispute is whether Jones's report constitutes a good-faith effort to provide a fair summary of the expert's opinions concerning the causal relationship between the breaches of the standard of care and Zavala's injuries. *See* art. 4590i, § 13.01(*l*), (r)(6). Regarding the element of causation, Jones's report stated, "In my opinion, these departures from the standards of care are contributing causes to the chronic facial pain, internal derangement of the right and left temporomandibular joints and other harm and injuries experienced by Rose Marie Zavala." Causation is not discussed in any other manner. Zavala argues that Jones's report provides a fair summary of his opinions on the standard of care, breach and causation. She also argues that article 4590i does not require her to prove her lawsuit through an expert report. *See American Transitional Care Ctrs. of Tex., Inc. v. Palacios*, 46 S.W.3d 873, 879 (Tex. 2001) ("[T]o avoid dismissal, a plaintiff need not present evidence in the report as if it were actually litigating the merits."). Pinkerton and Bandy contend that the single sentence in the report addressing causation was an insufficient conclusion, not an explanation.

To constitute a good-faith effort, the report must "discuss the standard of care, breach, and causation with sufficient specificity to inform the defendant of the conduct the plaintiff has

5

called into question, and to provide a basis for the trial court to conclude that the claims have merit." *Jernigan*, 195 S.W.3d at 93 (quoting *Palacios*, 46 S.W.3d at 875). A report cannot merely state the expert's conclusions about the standard of care, breach, and causal relationship. *Wright*, 79 S.W.3d at 52. Instead, "the expert must explain the basis of his statements to link his conclusions to the facts." *Id.* (quoting *Earle v. Ratliff*, 998 S.W.2d 882, 890 (Tex. 1999)). The issue in this case concerns whether the third report explained Jones's conclusions about Zavala's injuries by linking them to facts that would have allowed the trial court to determine that the malpractice claims had merit. A report that merely states the expert's conclusions about causation will not assist the trial court in making that determination. *See Palacios*, 46 S.W.3d at 879.

The Texas Supreme Court considered the adequacy of an expert's report with regard to the element of causation in *Bowie Memorial Hospital v. Wright*. The report at issue in *Wright* opined that the hospital should have had a system for reviewing x-rays and if it had, the claimant "would have had the possibility of a better outcome." 70 S.W.3d at 50-51. The court concluded that the report lacked information linking the expert's conclusion to the alleged breach because it simply opined that the claimant might have had a better outcome without explaining how the hospital's conduct caused injury to her. *Id*. at 53. It stated, "We cannot infer from this statement, as the Wrights ask us to, that Bowie's alleged breach precluded Barbara from obtaining a quicker diagnosis and treatment for her foot. Rather, the report must include the required information within its four corners." *Id.* Thus, the court concluded that the trial court did not abuse its discretion in dismissing the medical malpractice claim because the report failed to offer any basis for determining the claim's

6

merit (the latter part of the *Palacios* test) by failing to provide a fair summary of the expert's opinion on causation. *Id*.

Courts in Dallas and San Antonio have reached the same conclusion about reports with similar deficiencies concerning the element of causation. *See Rose v. Garland Cmty. Hosp.*, 168 S.W.3d 352, 357 (Tex. App.—Dallas 2005, no pet.) (concluding that report was inadequate because it did not link alleged negligent credentialing and claimant's injuries); *Costello v. Christus Santa Rosa Health Care Corp.*, 141 S.W.3d 245, 249 (Tex. App.—San Antonio 2004, no pet.) (concluding that report was inadequate because it failed to explain what "more timely triage and evaluation" would have revealed, what treatment would have been available, whether decedent was a candidate for that unknown treatment, or whether that unknown treatment would have been effective); *see also Davis v. Markey*, No. 03-04-00455-CV, 2005 Tex. App. LEXIS 2185, at *12-14 (Tex. App.—Austin Mar. 24, 2005, pet. denied) (mem. op.) (concluding that report was inadequate because it did not contain any factual information linking physicians' alleged failures to "be vigilant in the postoperative period," to properly analyze material aspirated from claimant's knee, and to "over-ream," to conclusion that claimant would have "lifetime of disability").

Jones's third report in this case—similar to the reports in *Wright*, *Rose*, and *Costello*—lacks a causal link explaining how the dentists' alleged breaches of the standard of care brought about Zavala's injuries. The entirety of the discussion on causation in Jones's report is confined to a single sentence stating that, in his opinion, Pinkerton and Bandy's departures from the standard of care were "contributing causes" to Zavala's injuries. The report fails to explain *how* the purported breaches by the dentists caused the injuries that Zavala claims.

7

For instance, although the report alleges that Zavala's extraction procedure required mandibular support and that Pinkerton and Bandy did not provide it, it omits any explanation about how the failure to provide mandibular support caused Zavala's injuries or how providing that support would have prevented them. It simply concludes that the failure to do so was a contributing cause of her injuries. Because Jones's report lacked information as to causation, it did not provide a basis for the trial court to conclude that Zavala's claims had merit. *Jernigan*, 195 S.W.3d at 93; *Palacios*, 46 S.W.3d at 875. Based on this omission, the trial court could have reasonably determined that the third report did not represent a good-faith effort to summarize the causal relationship between Pinkerton and Bandy's alleged departures from the standard of care and Zavala's claimed injuries. *See Bowie*, 79 S.W.3d at 53; *Palacios*, 46 S.W.3d at 880.

We conclude that the trial court did not abuse its discretion by granting Pinkerton and Bandy's motion to dismiss based on Zavala's failure to furnish an expert report that met the requirements of section 13.01(r)(6). *See* art. 4590i, § 13.01(*l*). Accordingly, we overrule Zavala's sole issue.

## CONCLUSION

Having concluded that the trial court did not abuse its discretion by granting Pinkerton and Bandy's motion to dismiss based on Zavala's failure to furnish an expert report that met the requirements of section 13.01(r)(6), we affirm the trial court's order of dismissal.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   July 10, 2007