ACCEPTED
12-14-00357-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
5/4/2015 4:45:48 PM
CATHY LUSK
CLERK

## *ORAL ARGUMENT REQUESTED*

### NO. 12-14-00357-CV

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
5/4/2015 4:45:48 PM
CATHY S. LUSK
Clerk

## IN THE COURT OF APPEALS FOR THE TWELFTH DISTRICT
## AT TYLER, TEXAS

### PINECREST SNF, LLC D/B/A PINECREST
### NURSING & REHABILITATION CENTER,
*Appellant,*

v.

### TASCO BAILEY, NATHAN BAILEY, CURLIE BAILEY, ROY BAILEY,
### BILL BAILEY, JAMES BAILEY, EARL BAILEY, MARY DUNLAP AND LICILLE
### MARTIN, AS HEIRS OF ARCHIE BAILEY,
*Appellees.*

### On Interlocutory Appeal from the
### 114th Judicial District Court of Smith County, Texas
### Cause No. 14-0856-B
### The Honorable Christi Kennedy Presiding

### REPLY BRIEF OF PINECREST NURSING PINECREST SNF, LLC D/B/A
### PINECREST NURSING & REHABILITATION CENTER

**NICHOL L. BUNN**
State Bar No. 00790394
**STEPHANIE A. ERHART**
State Bar No. 24007180
**LEWIS, BRISBOIS, BISGAARD
& SMITH, LLP**
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 722-7100
(214) 722-7111 (fax)
**ATTORNEYS FOR
PINECREST NURSING SNF, LLC
D/B/A PINECREST NURSING &
REHABILITATION CENTER**

# TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................................. i

INDEX OF AUTHORITIES .................................................................................................... ii

I.   SUMMARY OF THE ARGUMENT .......................................................................... 1

II.  REPLY ................................................................................................................ 2

    A.   Appellee has Failed to Adequately Address Dr. Davey's Failure to Address Ms. Bailey's Underlying Conditions. ........................................... 2

    B.   Appellee Ignored Case Law Which Holds an Expert Report is Conclusory Where it Fails to Address Underlying Medical Conditions. ............................................................................................ 5

    C.   Contrary to Appellee's Assertion, Appellant has not attempted to Mislead the Court. .......................................................................... 8

    D.   Appellee Concedes Dr. Davey's Report Fails to Adequately Explain How Pinecrest Nursing's Alleged Breaches of the Standard of Care Caused Mrs. Bailey's Death. .............................................. 10

IV.  CONCLUSION AND PRAYER ................................................................................ 11

CERTIFICATE OF SERVICE .................................................................................................. 14

CERTIFICATE OF COMPLIANCE ......................................................................................... 15

## INDEX OF AUTHORITIES

### Cases

*Bowie Mem'l Hosp. v. Wright*, 79 S.W.3d 48 (Tex. 2002) ........................................9

*Christus Spohn Health Sys. Corp. v. Castro*, No. 13-13-00302-CV,
2013 Tex. App. LEXIS 14932 (Tex. App.—Corpus Christi
Dec. 12, 2013, no pet.) ........................................3, 4

*Conboy v. Lindale Health Care*, LLC, NO. 12-12-00241-CV,
2013 Tex. App. LEXIS 11013, 11 (Tex. App.—Tyler Aug. 29, 2013,
no pet.) ........................................7

*Costello v. Christus Santa Rosa Health Care Corp.*, 141 S.W.3d 245
(Tex. App.—San Antonio 2004, no pet.) ........................................11

*Doe v. Boys Clubs*, 907 S.W.2d 472 (Tex. 1995) ........................................ 10-11

*Hillcrest Baptist Med. Ctr. v. Payne*, No. 10-11-00191-CV,
2011 Tex. App. LEXIS 9182 (Tex. App.—Waco Nov. 16, 2011,
pet. denied) ........................................6

*Hollingsworth v. Springs*, 353 S.W.3d 506 (Tex. App.—Dallas 2011, no pet) ......8

*Jelinek v. Casas*, 328 S.W.3d 526 (Tex. 2010) ........................................8, 9

*Nexion Health at Southwood, Inc. v. Judalet*, No. 12-08-00464-CV,
2009 Tex. App. LEXIS 7404, 11 (Tex. App.—Tyler Sept. 23, 2009,
no pet.) ........................................5

*Pisasale v. The Ensign Group, Inc.*, No. 11-05-00196-CV,
2006 Tex. App. LEXIS 7983 (Tex. App.--Eastland September 7, 2006,
pet. denied) (memo. op.) ........................................6,7

*Russell v. Ingersoll-Rand Co.*, 841 S.W.2d 343 (Tex. 1992) ........................................10

**TO THE HONORABLE TWELFTH DISTRICT COURT OF APPEALS:**

Appellant Pinecrest Nursing submits this Reply Brief praying that this Court reverses the trial court's ruling overruling the Chapter 74 objections and denying Appellant's motion to dismiss.

# I.
## SUMMARY OF THE ARGUMENT

Despite the fact that Dr. Davey concedes that a patient's underlying conditions can make pressure ulcers unavoidable, nowhere in his report does he state that Mrs. Bailey's underlying conditions (Alzheimer's, congestive heart failure, diabetes mellitus) did not made her pressure ulcer unavoidable. The report fails to explain that absent an act or omission of Pinecrest Nursing the harm would not have occurred. Therefore, his report is conclusory as to causation and does not meet the requirements of Chapter 74. Further, Appellees have pleaded wrongful death damages in their petition, but Dr. Davey's report does not sufficiently explain how Pinecrest Nursing's breach of the only identified standard of care (alleged failure to reposition Mrs. Bailey in August and September 2013) was a *substantial* factor in bringing about her death in December 2013 at a different facility. Despite the omission of an adequate causation analysis, the trial court found Dr. Davey's report sufficient. Because the trial court abused its discretion in

applying Chapter 74 causation requirements to the report of Dr. Davey, this Court should reverse the order of the trial court denying Pinecrest's motion to dismiss.

## II.
### REPLY

A. **Appellee has Failed to Adequately Address Dr. Davey's Failure to Address Ms. Bailey's Underlying Conditions.**

Appellee attempts to divert the Court's attention from Appellant's argument with respect to Dr. Davey's failure to address Ms. Bailey's underlying conditions in opining that Pinecrest caused Ms. Bailey's pressure ulcers. While Appellee would like for the Court to overlook it, Dr. Davey himself conceded that a patient's clinical condition is a necessary consideration when determining whether pressure sores are unavoidable. Dr. Davey stated multiple times in his report:

> the standard of care mandates that a facility and its nurses ensure that a resident who is admitted without pressure sores does not develop pressure sores **unless the individual's clinical condition demonstrates that they were unavoidable.** . .

(CR 148, 151) (emphasis added). The bottom line of Dr. Davey's opinion is that Ms. Bailey developed pressure ulcers because Pinecrest breached the standard of care. However, if pressure sores were unavoidable due to the patient's underlying clinical condition, they would have occurred absent a breach in the standard of care by Pinecrest. Nowhere in Dr. Davey's report does he state that Mrs. Bailey's underlying health conditions did not cause the pressure ulcers. Nowhere in his report does Dr. Davey state that Mrs. Bailey's clinical condition did not

2

demonstrate that pressure ulcers were unavoidable. Therefore, Dr. Davey's causation opinion is conclusory and insufficient to satisfy Chapter 74 of the Texas Civil Practice and Remedies Code.

Appellee attempts to distinguish a strikingly similar case cited by Appellant. In *Christus Spohn Health Sys. Corp. v. Castro*, No. 13-13-00302-CV, 2013 Tex. App. LEXIS 14932 (Tex. App.—Corpus Christi Dec. 12, 2013, no pet.), the Corpus Christi Court of Appeals held that an expert report was conclusory where it failed to address the patient's underlying health issues and their effects on the development of pressure ulcers.

While Appellee concedes that the *Castro* Court found the expert's report conclusory because the expert failed to discuss the development of pressure ulcers in the specific trauma conditions present in that case, Appellee incorrectly asserts that the "conditions" to which the Court was referring were the ICU conditions, not the patient's medical conditions. Appellee's assertion is in contradiction to the opinion of the Court. In *Castro*, the hospital argued the expert report failed to "'explain how taking any particular action would have prevented the development of a pressure ulcer given **the complex medical issues** involved in [Castro]'s care.'" *Id.* at 18 (emphasis added). The complex medical issues were identified by the Court as quadriplegia, diabetes, bacterial infections, and respiratory distress. *Id.* at 3.

3

The Court, reversing the order of the trial court denying *Spohn's* motion to dismiss, explained:

> Castro's claim involves his development of a pressure ulcer while he was being treated in Spohn's ICU over the course of several months **for severe injuries he suffered in an automobile accident**. Neither du Bois nor Dr. Starer discusses Castro's injuries in the context of these conditions. And the omission of this context renders any conclusion on the cause of Castro's injuries incomplete.

*Id.* at *18-19. The Court found that the expert's report was conclusory because it failed to discuss the development of Castro's pressure ulcer in the context of his quadriplegia, diabetes, bacterial infections, and respiratory distress. *See id.* Therefore, the Court found the report deficient. *Id.* This case is directly on point.

Despite the fact that Dr. Davey concedes multiple times that Mrs. Bailey's clinical condition alone could be the cause of her pressure ulcer, nowhere in his report does he address her clinical condition and whether it was the sole cause of her pressure ulcer. (CR 148, 151). The underlying conditions in this 84 year old woman were not insignificant. According to Dr. Davey's own report, Mrs. Bailey had Alzheimer's disease; Hypertension; Congestive Heart Failure; Diabetes Mellinus (Type II); and Asthma. (CR 146). However, Dr. Davey's report does not address any of these conditions and their propensity to make pressure ulcers unavoidable, and he does not state that these underlying conditions did not render Mrs. Bailey's pressure ulcer's unavoidable; therefore, Dr. Davey's report is

4

impermissibly conclusory. The trial court improperly denied Pinecrest's motion to dismiss.

**B.  Appellee Ignored Case Law Which Holds an Expert Report is Conclusory Where it Fails to Address Underlying Medical Conditions.**

Appellee argues that an expert report that does not address hypothetical situations does not necessarily render it conclusory on causation. Nowhere in Appellant's brief did it argue that Dr. Davey should address *hypothetical* situations. Appellee has missed the holding of on-point case law and argument of Appellant. The case law cited by Appellant holds that an expert must address other conditions of the patient where they could be the cause of the plaintiff's injuries.

In *Nexion Health at Southwood, Inc. v. Judalet,* No. 12-08-00464-CV, 2009 Tex. App. LEXIS 7404, 11 (Tex. App.—Tyler Sept. 23, 2009, no pet.), the patient fell and fractured her leg while at Nexion Health. She had congestive heart failure, a stage IV decubitus ulcer, MRSA and post-op anemia. Plaintiff's expert opined that the fall at Nexion Health caused her death without addressing any of her underlying health conditions. The Court found the report deficient stating "Dr. Colon's opinion on causation is conclusory because he failed to explain how he ruled out other probable causes of the decedent's death." *Id.* at *11. Similarly, in this case, Dr. Davey failed to explain how he ruled out other probable causes of Mrs. Bailey's pressure ulcers despite recognizing there could be other causes.

5

Similarly, in *Pisasale v. The Ensign Group, Inc.*, No. 11-05-00196-CV, 2006 Tex. App. LEXIS 7983 (Tex. App.--Eastland September 7, 2006, pet. denied) (memo. op.), the patient had diabetes, seizure disorder, anemia, severe cervical spondylosis, hyponatremia, severe chronic obstructive pulmonary disease (COPD), neurogenic bladder, extremity weakness, hypertension, and altered mental status. After residing at Northern Oaks Nursing home for one month, Mr. Pisasale was admitted to the hospital, as a result of developing pneumonia and a urinary tract infection. *Id.* at *3. The court held the expert report did not constitute a good-faith effort to comply with statute where the expert "made no effort to eliminate Mr. Pisasale's preexisting conditions as the cause for the injuries described in his report which he attributes to Northern Oaks." *Id.* at *13. In this case, Dr. Davey made no effort to eliminate Mrs. Bailey's preexisting conditions as the cause for the injuries which he attributes to Pinecrest Nursing.

Compare the above cases with *Hillcrest Baptist Med. Ctr. v. Payne*, No. 10-11-00191-CV, 2011 Tex. App. LEXIS 9182 (Tex. App.—Waco Nov. 16, 2011, pet. denied). In *Payne*, the plaintiff was admitted to the hospital with MRSA, septic shock, respiratory failure, diabetes, hypertension, and end-stage renal failure that required frequent dialysis. While a patient, she developed pressure ulcers. *Id.* at *2. The expert report detailed how the breaches in the standard of care caused the plaintiff's pressure ulcers. *Id.* It also stated:

6

"Within a reasonable degree of medical probability, Ms. Payne's comorbid conditions listed above did not cause the pressure ulcer because those conditions cannot spontaneously cause such a condition." *Id.* at 26-27.

The court concluded report sufficient where "Dr. Haines opined that, based on a reasonable degree of medical probability, the other conditions did not contribute to the development of Payne's pressure ulcers." *Id.* at *28; *see also Conboy v. Lindale Health Care*, LLC, NO. 12-12-00241-CV, 2013 Tex. App. LEXIS 11013, 11 (Tex. App.—Tyler Aug. 29, 2013, no pet.) ("While Dr. Langan may not have been required to rule out all possible causes, he must establish in his report a causal connection between the defendants' conduct and the injuries Jack suffered, and that the defendants proximately caused the injuries suffered."). Dr. Davey's report did not include a statement based on reasonable medical probability that other conditions did not contribute to the development of Mrs. Bailey's pressure ulcers.

Appellee cites to case law for the proposition that an expert report is not required to address every possible cause of the plaintiff's injury. The case law cited is inapposite. Appellant is not suggesting that Dr. Davey was required to rule out every possible cause of the pressure ulcers. However, case law requires that he establish a causal connection between Pinecrest's conduct and the injuries suffered. Dr. Davey himself conceded that pressure ulcers can be caused by a patient's underlying medical condition and can be unavoidable despite appropriate care. Although Dr. Davey admits in his report that there are underlying health conditions

7

which render pressure ulcers unavoidable, he does not state in his report that Mrs. Bailey's underlying conditions did not render pressure ulcer's unavoidable, and his statement regarding causation is conclusory at best. Ultimately, the Court cannot determine from Dr. Davey's report that a different, better result would have been achieved if Pinecrest Nursing had met its standard of care. *See Hollingsworth v. Springs*, 353 S.W.3d 506, 523 (Tex. App.—Dallas 2011, no pet). Therefore, the trial court abused its discretion in overruling Pinecrest Nursing's objection to Dr. Davey's report, and the Court should reverse the order of the trial court overruling Pinecrest Nursing's objections and denying its Motion to Dismiss. *Jelinek v. Casas*, 328 S.W.3d 526, 539-40 (Tex. 2010).

## C. Contrary to Appellee's Assertion, Appellant has not attempted to Mislead the Court.

In their brief, Appellees took issue with Appellant's argument that Dr. Davey's opinion that the nurses' failure to reposition Mrs. Bailey is speculative and conclusory in that it is not supported by the facts because Dr. Davey relied on an assumption. Appellees assert that Appellants attempted to "mislead this Court to believe when it misstates that Dr. Davey's opinion on the nurses' failure to reposition is conclusory in that he relies on assumption that Ms. Bailey was never repositioned." Appellee's Brief, pg. 16. However, Appellant did not misstate but rather quoted Dr. Davey's opinion. On page 11 of Appellants brief, Appellant stated:

8

He states "the medical records fail to present any evidence that Ms. Bailey's turning/repositioning schedule was ever documented, which suggests she was not repositioned every two hours. . . . **Over the course of Ms. Bailey's entire stay at Pinecrest Nursing, there are no entries in the nursing notes indicating the resident was ever repositioned.**" (CR 152).

Appellant's Brief, pg. 11 (emphasis added). Despite the fact that Dr. Davey states that he reviewed the medical records of Pinecrest Nursing & Rehab Center for over three years of care, he did not find any notes regarding the repositioning of Ms. Bailey. Therefore, he assumes that in three years, the patient was **never** repositioned. Dr. Davey's assumption is absurd and not based on fact. If repositioning was as important as he would lead this Court to believe, if Mrs. Bailey was truly never repositioned, surely she would have developed a pressure ulcer much sooner in her 3 year residency. This point makes it clear that Dr. Davey's opinion is based upon conjecture.

An expert must explain the basis of his statements and link his conclusions to the facts in order for his opinions not to be conclusory. *Jelinek*, 328 S.W.3d at 539. Dr. Davey's opinion based on assumptions that are not tied to facts in the record are speculative and are not sufficient to meet Chapter 74's requirements. *See id.* Ultimately, the report fails to inform Pinecrest Nursing with sufficient specificity the conduct called into question and provide a basis for the trial court to conclude the claims have merit. *See Bowie Mem'l Hosp. v. Wright,* 79 S.W.3d 48, 52 (Tex. 2002).

9

**D. Appellee Concedes Dr. Davey's Report Fails to Adequately Explain How Pinecrest Nursing's Alleged Breaches of the Standard of Care Caused Mrs. Bailey's Death.**

In their brief, Appellees assert that Dr. Davey's report is not required to explain how Pinecrest's alleged breach of the standard of care caused Mrs. Bailey's death because Appellees have not alleged a wrongful death action-- despite the fact that Dr. Davey did opine that Pinecrest's breach caused her death. However, in their petition, Appellees have alleged they are entitled to damages for their own mental anguish in addition to Mrs. Bailey's. (CR 9-10). In a survival action, Appellees can only recover damages the decedent suffered as a result of Pinecrest's alleged tort. *See Russell v. Ingersoll-Rand Co.,* 841 S.W.2d 343, 345 (Tex. 1992). Appellees can only seek their own mental anguish damages through a wrongful death cause of action.

As explained fully in Appellant's brief, although Dr. Davey states that Pinecrest's breaches caused Mrs. Bailey's death, Dr. Davey's report fails to articulate facts connecting the criticized deviations from the standard of care by Pinecrest Nursing to Mrs. Bailey's death. Dr. Davey's opinions were wholly inadequate in establishing a causal connection between Pinecrest Nursing's actions and Mrs. Bailey's death. The alleged conduct of Pinecrest Nursing is too attenuated from the resulting injuries to Mrs. Bailey to be a substantial factor in bringing about her death. *See Doe v. Boys Clubs,* 907 S.W.2d 472, 477 (Tex.

10

1995). Because Dr. Davey's report fails to explain how Pinecrest Nursing's conduct was a substantial factor in Mrs. Bailey's death, his report is deficient and the Court should have sustained Pinecrest Nursing's objections to the report. *Costello v. Christus Santa Rosa Health Care Corp.*, 141 S.W.3d 245, 249 (Tex.App.–San Antonio 2004, no pet.).

## III.
### CONCLUSION AND PRAYER

Dr. Davey's Amended Report failed to comply with the statutory requirements of Chapter 74. Specifically, Dr. Davey's Amended Report fails to explain how or why any alleged breaches in the standard of care by Pinecrest Nursing were a substantial factor in bringing about Mrs. Bailey's pressure ulcer. Dr. Davey's Amended Report fails to address whether Mrs. Bailey's pressure ulcer was unavoidable in this case. As such, this Court is left to infer or guess that Mrs. Bailey's outcome would have been different absent Pinecrest Nursing's alleged breaches of the standard of care. Furthermore, Dr. Davey wholly failed explain how or why any alleged breaches in the standard of care by Pinecrest Nursing were a substantial factor in bringing about Mrs. Bailey's death. Thus, the trial court abused its discretion in denying Pinecrest Nursing's objections to Dr. Davey's Amended Report and Motion to Dismiss with Prejudice, and this Court should reverse the trial court's decision and dismiss the Baileys' claims against Pinecrest

Nursing with prejudice and remand for a determination of attorneys' fees and costs permitted by Chapter 74.

**WHEREFORE, PREMISES CONSIDERED**, Appellant, Pinecrest SNF, LLC d/b/a Pinecrest Nursing & Rehabilitation Center, respectfully prays that this Court sustain Pinecrest Nursing's issues on appeal and REVERSE the trial court's November 25, 2014 Order overruling Pinecrest Nursing's objections to Dr. Davey's Amended Report and denying Pinecrest Nursing's Motion to Dismiss with Prejudice. Pinecrest Nursing further requests that this Court REMAND to the trial court with an order that the Baileys' claims against Pinecrest Nursing be dismissed with prejudice and to award Pinecrest Nursing its reasonable attorneys' fees and costs as allowed by Chapter 74 of the Texas Civil Practice & Remedies Code. Pinecrest Nursing further prays for such other relief that it may be justly entitled.

Respectfully submitted,

_Stephanie Erhart_

Nichol L. Bunn
State Bar No. 00790394
Nichol.Bunn@lewisbrisbois.com
Stephanie A. Erhart
State Bar No. 24007180
Stephanie.Erhart@lewisbrisbois.com
LEWIS, BRISBOIS, BISGAARD & SMITH, LLP
2100 Ross Avenue, Suite 2000
Dallas, Texas 75201
(214) 722-7100
(214) 722-7111 (fax)

**ATTORNEYS FOR PINECREST NURSING**
**PINECREST SNF, LLC D/B/A PINECREST**
**NURSING & REHABILITATION CENTER**

13

## CERTIFICATE OF SERVICE

Pursuant to TEX. R. CIV. P. 21a and TEX. R. APP. P. 25.1 (e), I hereby certify that a true and correct copy of the foregoing instrument has been served upon the following:

Robert M. Wharton
Lauren Schultz
Mary E. Green
MCIVER BROWN LAW FIRM
JP Morgan Chase Bank Building
712 Main Street, Suite 800
Houston, Texas 77002
(832) 767-1673
(832) 767-1783 (fax)
firm@mciverbrown.com

BY THE FOLLOWING:

| | |
|---|---|
| _____ | Certified Mail/Return Receipt Requested |
| ____X_____ | Telephonic Document Transfer (Fax) |
| _____ | Federal Express/Express Mail |
| _____ | Hand-Delivery (In Person) |
| _____ | First Class Mail |

DATE:     May 4, 2015.


_____
Stephanie A. Erhart

14

## CERTIFICATE OF COMPLIANCE

Pursuant to TEX. R. APP. P. 9.4, I hereby certify that this Reply Brief contains 3,388 words. This is a computer-generated document created in Microsoft Word, using 14-point typeface for all text, except for footnotes which are in 12-point typeface. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

Stephanie A. Erhart